IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Neil J. Naples, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) |
| v. | ) NO. |
| | ) |
| Kennestone Hospital, Inc., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Neil J. Naples (hereinafter sometimes "Plaintiff"), and files this lawsuit against Defendant Kennestone Hospital, Inc. (hereinafter sometimes "Kennestone" or "Defendant"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory and injunctive relief, liquidated and

actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during a period of Naples' employment with Defendant, specifically October 10, 2008 until September 16, 2011 (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367 and 29 U.S.C. § 216(b).

4.

Kennestone, is a Georgia corporation doing business in the State of Georgia, and the unlawful employment practices described herein occurred at 677 Church Street, Marietta, Georgia 30060. Accordingly, venue in this Court is proper pursuant to 28 U.S.C § 1391(b)(2).

## III.  Parties and Facts

5.

Plaintiff was a resident of the State of Georgia and a dosimetrist for Defendant at the WellStar Kennestone Hospital.  Naples was an "employee"

(as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant. Plaintiff performed non-exempt labor for the Defendant within the relevant time period.

6.

Naples was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 during the relevant time period when he worked over forty (40) hours in a workweek.

7.

Kennestone is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year. Defendant, is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e) and governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### Count I - Violation of the overtime wage requirement of the Fair Labor Standards Act.

8.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

9.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek during the relevant time period.

10.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover his overtime wage differential, liquidated damages in an equal amount, attorney's fees, and the costs of this litigation.

11.

Throughout the relevant time period Defendant knowingly, intentionally and willfully violated the FLSA by failing to pay Plaintiff the overtime compensation to which he was entitled.

12.

Throughout the relevant time period Defendant "knew or showed reckless disregard" that its conduct violated overtime laws under the FLSA.

13.

Throughout the relevant time period Defendant failed to act in good faith and had no reasonable grounds for believing it was not violating the

FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Require Defendant to pay Plaintiff damages for unpaid overtime compensation calculated at one and one-half times the proper normal rate that Plaintiff would have received but for unlawful conduct going back until October 10, 2008;

b. Require Defendant to pay Plaintiff liquidated damages as provided for under the FLSA;

c. Issue a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

d. Award Plaintiff his reasonable attorney's fees and costs and expenses of suit arising from Defendant's violations under the FLSA;

e. Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted this 10th day of February, 2012.

                                      <u>s/Jack Rosenberg</u>
                                      Jack Rosenberg
                                      Georgia Bar No. 614475
                                      Suite 53
                                      5425 Glenridge Drive
                                      Atlanta, Georgia  30342
                                      Telephone:  (4040)343-1091
                                      Facsimile:  (404) 343-1497